**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**


BONIFACIO VARGAS-MELENDEZ
aka BONIFACIO VARGAS-MELENDRES
REG. #89858-080                                                                              PETITIONER


VS.                                            2:07CV00023 JMM/JTR


UNITED STATES OF AMERICA                                                        RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

James M. Moody.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #5) and a Motion to Stay Deportation Proceedings. (Docket entry #8.) Respondent has filed an Answer (docket entry #22), arguing that the Court lacks jurisdiction. Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's claims, the Court will briefly review the relevant procedural history. Petitioner, a native and citizen of Mexico, was admitted to the United States as a Lawful Permanent Resident on August 10, 1981. (Docket entry #22, Ex. A.) On August 18, 1995, Petitioner was convicted of sexual assault in the Criminal District Court of Dallas County, Texas. (Docket entry #22, Ex. B.) Petitioner received a ten-year suspended sentence and was placed on ten years of supervision. (Docket entry #22, Ex. B.)

On May 26, 1998, the Immigration and Naturalization Service ("INS") (now known as the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE")) issued a Notice to Appear charging Petitioner with removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"). (Docket entry #22, Ex. A.) INS alleged that Petitioner was deportable due to the August 18, 1995, sexual assault conviction. (Docket entry #22, Ex. A.) On August 6, 1998, Petitioner was ordered removed to Mexico. (Docket entry #22, Ex. C.) The Order of Removal clearly indicates that Petitioner waived his right to appeal. (Docket entry #22, Ex. C.)

On August 13, 1998, Petitioner was arrested for illegally attempting to reenter the United States. (Docket entry #22, Ex. D.) On November 19, 1998, he pleaded guilty, in the Western District of Texas, to Illegal Reentry of an Aggravated Felon in violation of 8 U.S.C. § 1326(a) and (b)(1)(2), and was sentenced to 41 months in the Bureau of Prisons, *United States v. Vargas-Melendez*, W.D. Tex. No. DR-CR-459(1) FB. (Docket entry #22, Ex. D.)

On August 3, 2001, Petitioner was removed from the United States. (Docket entry #22, Ex. E.) On December 12, 2002, Petitioner again reentered the United States illegally, and, on August 14, 2003, was convicted, in the Northern District of Texas, of Illegal Reentry of an Aggravated Felon in violation of 8 U.S.C. § 1326(a) and (b)(2). *See United States v. Vargas-Melendez*, N.D. Tex. 3:03CR007-P(1). (Docket entry #22, Ex. F.) Petitioner was sentenced to 60 months in the Bureau of Prisons. On February 25, 2005, INS lodged a detainer against Petitioner for his deportation. (Docket entry #22, Ex. G.)

On January 24, 2007, Petitioner, who is currently incarcerated at the Federal Correctional Institution located in Forrest City, Arkansas, filed a "Petition of Habeas Corpus To Stay Deportation

Proceeding Pending a Determination of the Board of Immigration Appeal" in the Northern District of Texas. *See Vargas-Melendez v. United States*, N.D. Tex 3:07-CV-0179-P. (Docket entry #5.) Because Petitioner did not challenge his underlying criminal conviction under 28 U.S.C. § 2255, and sought habeas relief connected with his Deportation Order, the United States District Court for the Northern District of Texas liberally construed the Petition as requesting habeas relief pursuant to 28 U.S.C. § 2241, and transferred the case to the Eastern District of Arkansas, the place of Petitioner's incarceration.

On February 15, 2007, the Clerk of Court for the Eastern District of Arkansas docketed this habeas proceeding. Because Petitioner did not pay the $5.00 filing fee or apply to proceed *in forma pauperis*, the Court gave Petitioner until April 13, 2007, to pay the filing fee or submit an application to proceed *in forma pauperis*. Petitioner did neither, and, on April 23, 2007, United States District Judge James M. Moody dismissed the case, without prejudice, based on the Petitioner's failure to comply with the Court's Order. On April 24, 2007, the Clerk received the filing fee check, and Judge Moody reopened the case. (Docket entry #16.)

In his habeas Petition, Petitioner asserts that he is being held in FCI Forrest City "in the Custody of the District Director of [ICE]" on an Order of Detention "to punish him for contempt." Petitioner further claims that he filed an application to reopen and reconsider the Order of Deportation, which was denied, and that he has an appeal pending with the Board of Immigration Appeals. Petitioner requests that this Court enter an Order staying the Order of Deportation pending a ruling on his appeal to the Board of Immigration Appeals.[1] Petitioner has also filed a Motion to

---

[1] Although Petitioner claims that he pursued a motion to reopen an appeal before the Board of Immigration Appeals, he has not produced any documentation of such an action. To the contrary, the Order of Deportation reflects that he waived his right to appeal to the Board of Immigration

Stay Deportation Proceeding (docket entry #8), in which he essentially restates the allegations in his habeas Petition.

Aside from a conclusory allegation that he was "illegally convicted and sentenc[ed] to be deported without any due process of law," Petitioner fails to assert any specific challenge to the Deportation Order. Reading between the lines, it appears Petitioner is arguing that his Texas state court conviction was insufficient to warrant deportation. According to Petitioner, because the suspended imposition of his Texas state-court sentence "does not constitute a final conviction," his "deportation by the INS was in itself unlawful because the suspended imposition of the sentence in Texas did not constitute a final conviction under the INA." (Docket entry #28 at 5.)

Respondent argues that the habeas Petition is "premature" because Petitioner is projected to be released from BOP on August 9, 2007, after which he will be transferred to FCI, Oakdale, Louisiana, where he will be processed for return to Mexico. According to Respondent, Petitioner's "imagined" remedy is an issue that must be resolved by the authorities and courts in Louisiana.

For the reasons discussed below, the Court recommends that this habeas action be dismissed, without prejudice.

## II. Discussion

In essence, Respondent argues that, in order for the Court to have jurisdiction to consider Petitioner's habeas argument, he must be in the "custody" of ICE pursuant to the challenged Deportation Order. *See* 28 U.S.C. § 2241(c)(3) (the "writ of habeas corpus shall not extend to a prisoner unless. . .[h]e is in custody in violation of the Constitution or laws or treaties of the United

_____

Appeals. By regulation, a motion to reopen would have to have been filed within 90 days of the administrative decision. *See* 8 C.F.R. § 3.2(c)(2). There is no evidence that Petitioner ever pursued this administrative relief.

States"). There is some support for this proposition in the Eighth Circuit. In *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir. 1988), appellant, a Cuban national serving a 15-year sentence in the BOP for drug crimes, filed a § 2241 habeas action challenging an INS exclusion/deportation detainer. Appellant argued that his security and custody classification in BOP had been adversely affected by the INS detainer. The Eighth Circuit rejected this argument on the ground that Appellant was not "in custody" for purposes of habeas jurisdiction:

> In this case, Campillo seeks relief from the consequences of a detainer filed by the INS. The detainer, however, does not purport to effect Campillo's status as a sentenced federal offender, but merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date. The filing of such a document is insufficient, we believe, to alter Campillo's status as a custodial detainee of the federal prison system. Campillo may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until Campillo is released from his present term of confinement. The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus.

*Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989); *see also Mohammed v. Sullivan*, 866 258, 260 (8th Cir. 1989) ("To the extent that appellant seeks relief against the INS under 8 U.S.C. § 1252(a), (I), the filing of an INS detainer with prison officials does not constitute the requisite "technical custody" for purposes of habeas jurisdiction."); *Perez-Ramirez v. Lindemann*, 20 Fed.Appx. 568 (8th Cir. 2001) ("We conclude that the filing of an Immigration and Naturalization Service (INS) detainer with federal prison officials, merely notifying them that the INS will in the future make a decision regarding Mr. Perez-Ramirez's deportation, does not create custody supporting habeas corpus jurisdiction; and, without deciding whether the INS detainer adversely affected Mr. Perez-Ramirez's custody and security classifications, we note that prison officials may consider an INS detainer in assessing such classifications.") (unpublished *per curiam*);

*Belasco v. Snyder*, 2000 WL 227990, *1 (8th Cir. 2000) (same) (unpublished decision).

The preceding cases establish that an INS detainer, in and of itself, does not subject a prisoner to "technical custody" sufficient for habeas jurisdiction. However, in each of those cases, the INS detainers notified the prisoner that there would be a *future determination* regarding the prisoner's deportation. In contrast, in this case, Respondent acknowledges that INS has already made a *final* decision concerning Petitioner's deportation status, and all that remains is for him to be "processed" at FCI Oakdale for deportation.

Under similar circumstances, some circuits have held that habeas jurisdiction is appropriate in the district of incarceration where a prisoner is awaiting completion of his sentence and then transfer to another district for deportation, subject to a final INS deportation order and detainer. *See, e.g., Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d. Cir. 2003) (final INS order of removal sufficient to constitute "custody" of state prisoner for purposes of habeas petitioner); *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) (We have broadly construed "in custody" to apply to situations in which an alien is not suffering any actual physical detention; *i.e.*, so long as he is subject to a final order of deportation, an alien is deemed to be "in custody" for purposes of the INA, and therefore may petition a district court for habeas review of that deportation order").

While *Campillo* arguably allows for the possibility of habeas jurisdiction on a "technical custody" theory where there is a final deportation order and detainer,[2] the Court does not need to decide whether INS' final deportation order and detainer constitutes "custody" over Petitioner

_____

[2]In *Campillo*, the Court acknowledged cases from other jurisdictions recognizing a "technical custody" theory for habeas jurisdiction based on a final INS deportation order and detainer, but distinguished those facts from the ones presented where "there was no existing deportation order or a threat that such an order would be issued without a full and fair hearing." *Campillo*, 853 F.2d at 596.

sufficient for § 2241 habeas jurisdiction in this case. Even if the Court assumes that Petitioner is in "custody" sufficient to allow it to consider a habeas challenge to the Deportation Order, it would still be required to dismiss Petitioner's habeas Petition because of his failure to exhaust administrative remedies.

As noted by Respondent, Petitioner has been subject to a final order of removal *since 1998.* Both the 1961 Immigration Act and the 1996 revised Act declare that judicial review of a deportation order is available only if all administrative remedies have been exhausted.[3] *See* 8 U.S.C. § 1105a(c)(repealed)[4] and 8 U.S.C. § 1252(d). Likewise, the Eighth Circuit has consistently held that an alien cannot challenge a deportation order if he has failed to exhaust his administrative remedies. *See*, *e.g., Bae v. I.N.S.*, 706 F.2d 866, 869 (8th Cir. 1983); *Aiyadurai v. I.N.S.*, 683 F.2d 1195, 1199 (8th Cir. 1982). In particular, the Court in *Aiyadurai* held that, by waiving her right to appeal the Immigration Judge's Deportation Order to the Board of Immigration Appeals, appellant failed to exhaust her administrative remedies. *Aiyadurai,* 683 F.2d at 1199. In this case, just as in *Aiyadurai*, Petitioner waived his right to appeal the Deportation Order to the Bureau of Immigration Appeals. *See* docket entry #22, Ex. C. Thus, because Petitioner failed to exhaust his administrative remedies, no judicial review of the Deportation Order is available.

---

[3] The relevant provision of the 1996 Revised Act, 8 U.S.C. § 1252(d)(1), provides that: "A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right[.]" The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") (1996) "substantially curtailed the ability of certain aliens to apply for discretionary relief and to seek judicial review of adverse administrative decisions." *See Robledo-Gonzales v. Ashcroft,* 342 F.3d 667, 671 (7th Cir. 2003).

[4] The relevant provision of the 1961 Act, 8 U.S.C. § 1105a(c) (repealed), provided that: "An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration rules and regulations."

## III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #5) and Motion to Stay Deportation Proceedings (docket entry #8) be DENIED, and that this case be DISMISSED, WITHOUT PREJUDICE.

Dated this 30th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE